IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**UNITED STATES OF AMERICA**

v.                                                                                  Criminal No. 3:19-cr-00155

**MAURICE LAVELLE MILLER, JR.**

### DEFENDANT'S PROPOSED VOIR DIRE QUESTIONS

Defendant, Maurice Lavelle Miller Jr. by his counsel, Assistant Federal Public Defender, David R. Bungard, submits the following proposed Voir Dire questions:

**I.     COVID-19 Related Questions**

1.     Have you or a family member contracted COVID-19 at any time since March of 2020?  If so, who and when did this occur?

2.     Are you or any family member currently in quarantine because of possible exposure to someone who has contracted the COVID-19 virus?  If so, how long have you been in quarantine?

3.     Have you received the COVID-19 vaccine?  If so, have you received both injections and when did this occur?

4.     Are you currently scheduled to receive the COVID-19 vaccine today, February 9, 2021, or tomorrow, February 10, 2021.  If so, would this be your first or second injection?

5. Did anyone receive a second dose of the COVID-19 vaccine on Saturday, February 6, 2021, or Monday, February 8, 2021? If so, are you experiencing any side effects from this second dose?

6. Do any of you have any concerns serving on a jury panel with other jurors who have already received the COVID-19 vaccine when you have not? If yes, defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

7. Do any of you or any family member living at home have one or more medical conditions that would make you or your family member vulnerable to developing severe medical complications should you or your family member were to contract COVID-19? If yes, defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

8. Have you engaged in any out-of-state travel within the past two weeks? If so, where did you go to and for how did you stay there?

9. Are you willing to abide by any rules which the Court instructs you regarding the wearing of face coverings and practicing social distancing during the course of this trial if you are selected as juror? If no, defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

10. Are you willing to notify the Court immediately if, during the course of the trial, you feel ill or are exposed to anyone feeling ill?

## II. General Voir Dire Questions

1. Do you know me (Judge Robert C. Chambers), any of the courtroom personnel, or any of the attorneys in this case?

2. Do you know the defendant, Maurice Lavelle Miller Jr., or any member of his family?

3. Do you know or recognize any other prospective jury panelist in the courtroom this morning?

4. Are you acquainted with the following persons, who may be called as witnesses in this case:

(See the Government's and defendant's witness lists, which will be submitted ex parte). If yes, consideration should be given to further inquiry outside the presence of other jurors.

5. Have you or any members of your family or anyone close to you ever been charged with or convicted of a crime other than minor traffic offenses? If yes, defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

6. Have you or any members of your family ever been addicted to any prescription medications and/or illegal controlled substances? Have you or any member of your family ever overdosed on any type of controlled substance? If yes,

defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

7. Have any of you or any members of your family been the victim of a crime? If yes, defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

8. This case involves allegations that on or about February 20, 2019, and February 25, 2019, Maurice Lavelle Miller, Jr., distributed quantities of heroin to another person. Do any of you possess any strong negative feelings or predispositions towards Mr. Miller, knowing the nature of the charges against him, to the extent that you would be unable to serve as an impartial member of this jury to decide this case? If yes, defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

9. Have you or any members of your family ever been a confidential informant or undercover informant for any law enforcement agency or prosecuting attorney's office? If yes, defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

10. Have you heard or read anything at all from any source, including, but not limited to relatives or friends of yours who might work for police authorities or

the radio, television, internet, or newspapers, about this case? If yes, defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

11. Would service on this jury have any adverse effect with regard to your job or family? Did any of you come here straight from work? If yes, defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

12. Are there any reasons at all why you do not wish to sit as a juror in this case? If yes, defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

13. Are you or have you ever been involved in any conflict, controversy, or litigation with the Department of Justice or the Office of the United States Attorney for the Southern District of West Virginia? If yes, defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

14. Have you or any members of your family ever participated in a criminal trial either as a witness for the prosecution, a witness for the defense, a party, or a juror? If so, please explain your role in any previous criminal proceeding.

15. Do you have any physical problems which might make it difficult for you to follow the evidence or to sit on the jury in this case? If yes, defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

16. Are you or have you or any members of your family or anyone close to you been employed by the Department of Justice, the United States Attorney's Office, the West Virginia State Police, the Cabell County Sheriff's Department, or any other federal or state, county, local police, or correctional authority? If not, have you ever previously sought employment with any federal or state police or correctional authority? If yes, defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

17. Do you believe that a person charged with a crime has to prove his innocence at his trial? If yes, defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

18. Do you believe that a defendant must testify in his own behalf in order to be found not guilty? If yes, defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

19.     At the end of this case, I will instruct you that you must acquit the defendant unless you are convinced that the Government has proven him guilty beyond a reasonable doubt for the charged offense.  Would any of you be reluctant to apply this particular instruction in this case?  If yes, defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

20.     Do you believe that testimony from a Cabell County Sheriff's deputy, a lab chemist from the West Virginia State Police, or other member of a law enforcement agency is entitled to greater weight than the testimony of other witnesses, including the defendant?  If yes, defendant would request that the panel member(s) be asked to further explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

21.     Do you think that your life experiences would, in any way, impact upon your ability to render a fair and impartial verdict based solely upon the evidence and be able to make a decision based solely on the evidence in this case?

22.     Would you agree to follow the law of this case if the Court were to instruct you what the law is, even though you may personally disagree with the same?

23.     Do you have any first impressions or other feelings that the defendant is or might be guilty just because he has been accused of committing a federal drug offense?  If yes, defendant would request that the panel member(s) be asked to further

explain his or her answer outside the presence of other jurors to avoid potential embarrassment or to possibly prejudice the entire panel.

24. If you were the attorney representing Maurice Lavelle Miller, Jr., or the attorney charged with prosecuting this case, is there any reason why you would not be satisfied with having a person in your frame of mind sitting on the jury?

25. Is there any other fact which you think the Court or the parties should know before determining whether you should be a juror in this case?

Respectfully submitted this 29th day of January, 2021.

                      **MAURICE LAVELLE MILLER, JR.**

                      By Counsel

**WESLEY P. PAGE**
**FEDERAL PUBLIC DEFENDER**

**s/David R. Bungard**
David R. Bungard, Bar Number: 5739
Assistant Federal Public Defender
Office of the Federal Public Defender
300 Virginia Street, East, Room 3400
Charleston, West Virginia  25301
Telephone: (304) 347-3350
Facsimile: (304) 347-3356
E-mail: david_bungard@fd.org